# Toliver *v.* The State.

## *Indictment for Robbery.*

1  *Robbery; conspiracy; admissibility of evidence.*—Where two per-sons are jointly indicted for robbery, and the evidence tends to show not only that each of them participated in the rob-bery, but there was a conspiracy between them to commit the offense, it is competent, on a separate trial of one of them, to show what was said and done by the other defendant in fur-therance of the common design, after the defendant who was being tried, had absented himself from the scene of the crime.

2.  *Same; admissibility of evidence.*—On a trial under an indictment charging two defendants with robbery, and where there is a severance, it is competent for the defendant on trial to show that some other person, and not himself, was with his co-de-

fendant when the robbery was committed; but evidence as to the character of such other person in the community, is not admissible in evidence.

3. *Reasonable doubt; charge of court in reference thereto.*—On the trial of a criminal case, a charge is erroneous and properly refused which instructs the jury that "before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is inconsistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of the defendant's guilt, that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty."

APPEAL from the City Court of Montgomery.

Tried before the HON. WILLIAM H. THOMAS.

The appellant in this case was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, Shad Dean and Willie Tolliver alias Crack, feloniously took five bills of the denomination of five dollars each of the lawful currency of the United States of America, the property of J. J. Boyd, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama." A severance was demanded, and the defendants replied separately. It appears from the record that the defendant, who is the appellant in this case, demurred to the indictment, which demurrer was overruled by the court; but the demurrer is not set out in the record.

Boyd, the person alleged to have been robbed, testified that he went down an alley-way, and while enroute he was assaulted by Shad Dean and Will Tolliver; that he recognized the two defendants when they assaulted him, that they struck him a blow which rendered him unconscious and that he did not regain consciousness until he had been removed to a stable near the scene, and the two men were then standing over him. He positively identified the defendant and Dean as the two men

[Toliver v. The State.]

who assaulted him and identified Dean as one of the men who were standing over him when he regained consciousness, but would not state positively that the other was the appellant, but gave as his best judgment that he was the man. He stated that when he regained consciousness he spoke to the men, whereupon the one whom he took to be the appellant, ran, while the other, Dean, remained and engaged in a conversation with witness. The State offered this conversation, to which the appellant objected, but the court overruled the objection, the testimony was admitted and defendant duly excepted.

This witness also testified that in about a minute after the defendant ran off, Dean ran off in the same direction. The defendant objected to this testimony, and moved to exclude it. The court overruled the motion and the defendant duly excepted.

The defendant attempted to show that the person who was with Dean at the time of the robbery was one Claud Henry, and during the examination of one of the witnesses introduced by the defendant, he was asked what was the character of Claud Henry in the community where he lived. The State objected to this question. The court sustained the objection, and the defendant duly excepted. Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: "Before the jury can convict the defendant, they must be satisfied to a moral certainty not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of the defendant's guilt, that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty."

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State.—If a conspiracy in fact existed between the two parties to

[Toliver v. The State.]

rob Boyd, the statement of one of them made in the ab-
sence of the other is admissible against the absent con-
spirator.—*Hunter v. State,* 112 Ala. 77 ;*Thomas v. State,*
133 Ala. 139, 145; *Hudson v. State,* 137 Ala. 60, 66.

A defendant may show in all cases that some one else
committed the crime, but evidence of the guilt of another
must relate to and be derived from the facts and cir-
cumstances of the killing.—*Banks v. State,* 72 Ala. 522,
3 h. n. 526; *Austin v. State,* 63 Ala. 178 ;*Brown v. State,*
120 Ala. 342, 3 h. n. 348.

The charge asked by the defendant and refused by the
court has been often condemned.—*Sanders v. State,*
134 Ala. 74, 58.

TYSON, J.—What the objections were, taken by de-
murrers against the sufficiency of the indictment, the
record does not inform us.   But, whatever they were,
they are without merit.—Form 77 p. 335 of the Code.

It was open to the jury to find under the evidence,
not only that defendant actually participated in the rob-
bery, but that there was a conspiracy between him and
Dean to commit the offense.   It was, therefore, entirely
competent for the prosecution to show what was said
and done by Dean in furtherance of the common design
after the defendant had absented himself from the
scene of the crime as a part of the *res gestae* of the trans-
action.—*Hunter v. State,* 112 Ala. 77 ;*Thomas v. State,*
133 Ala. 139; *Hudson v. State,* 137 Ala. 60.

The defendant attempted to show that one Claude
Henry was with Dean when the robbery was committed
and not himself.   This was, of course, entirely compe-
tent.   But what Henry's character was in that neigh-
borhood was not proper subject matter of enquiry.   If
Henry had been charged with the commission of the
crime and was on trial, the prosecution could not have
shown, to bolster its side of the case, what his character
was, no more than it could have shown what this de-
fendant's character was.

Evidence of the guilt of another must relate to and
be derived from the facts and circumstances of the rob-

[Walker v. The State.]

bery.—*Banks v. State,* 72 Ala. 522;*Austin v. State,* 63
Ala. 178; *Brown v. State,* 120 Ala. 342.

The written charge requested by defendant was properly refused.—*Sanders v. State,* 134 Ala. 78.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J. J.,
concurring.

