(99 South. 100)

## Ex parte STATE ex rel. ATTY. GEN.

## HARBIN v. STATE.

### (6 Div. 76.)

(Supreme Court of Alabama. Jan. 31, 1924.)

1. **Criminal law** ☞339, 400(2)—**Cross-examination affecting prior conviction of one arrested with defendant held improper.**

Where a witness had testified that defendant had a jug of whisky in his arms when arrested and was accompanied by one C. S., it was not error to refuse to allow defendant on cross-examination to ask if C. S. was not a noted bootlegger in that community and if the witness knew whether or not the C. S. in question was the one who had been convicted and sentenced for selling whisky; such oral evidence being not best evidence for establishing the fact of a prior conviction, nor admissible to identify defendant's companion.

2. **Criminal law** ☞1153(4)—**Witnesses** ☞267 —**Latitude of cross-examination within discretion of court, subject to revision by the Supreme Court.**

The latitude allowed in cross-examination of a witness rests in a great degree within the sound discretion of the trial court, subject to revision by the Supreme Court.

Certiorari to Court of Appeals.

G. L. Harbin was convicted of an offense, and appealed to the Court of Appeals. The judgment of conviction being reversed, the state, on the relation of its Attorney General, brings now its petition for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case styled G. L. Harbin v. State. Writ granted, reversed, and remanded.

See, also, Ex parte State, re Harbin, v. State, ante, p. 55, 97 South. 426.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

In this case the bad character of Stubbs, or whether or not he had been convicted of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 663.

violating the prohibition law, was inadmissible for any purpose. Bennett v. State, 52 Ala. 371; Toliver v. State, 142 Ala. 3, 38 South. 801; 16 C. J. 586; Ex parte Marshall, 207 Ala. 566, 93 South. 471, 25 A. L. R. 338; 1 Mayfield's Dig. 154. A wide latitude is allowed on cross-examination, resting in the discretion of the court. So. Ry. v. Hobbs, 151 Ala. 335, 43 South. 834.

A. A. Griffith, of Cullman, opposed.

No brief reached the Reporter.

MILLER, J. The defendant was charged with and convicted of the offense of having in his possession spirituous liquors, contrary to law. The charge was framed under subdivision 2 of section 2 of an act in General Acts 1919, p. 7, the pertinent part of which reads as follows:

"That it shall be unlawful * * * for * * * any other person * * * to * * * have in possession or possess in this state, any of said prohibited liquors and beverages * * * in any quantity whatsoever."

This is the second appearance of this case in this court by certiorari from the Court of Appeals from this conviction, judgment, and sentence of the trial court. See Ex parte State, re Harbin, v. State, ante, p. 55, 97 South. 426.

It appears from the opinion of the Court of Appeals that the evidence of the state tended to show that the sheriff and his deputies' had been watching a jug of liquor in the woods; and "when apprehended appellant (defendant) had the jug in his arms in the act of drawing the cork, that he had on his person some bottles such as are used as containers of liquor." One Cliff Stubbs was in the woods with the defendant at the time. No one else was there with him. The evidence for the defendant tended to show that he had no interest in the liquor, "that he went with this Stubbs on invitation to take a drink," that "he did not have the jug in his arms, but had a dipper in his hand waiting for the jug to be opened, and before the jug was opened the sheriff and his deputies apprehended appellant and Stubbs and seized the liquor."

[1] Willoughby, a witness for the state, whose testimony on direct examination tended to show defendant had the jug of whisky in his arms when arrested, and that Cliff Stubbs was with the defendant in the woods at the time, was cross-examined by the defendant. The court would not permit the defendant to ask the witness on cross-examination the following questions:

"If the Stubbs he had reference to as being with the defendant on that occasion was the Stubbs who was a noted bootlegger in that community?"

"If he knew whether or not the Cliff Stubbs in question was the one that had been convicted and sentenced to hard labor for the county for selling whisky?"

The Court of Appeals held the trial court committed reversible error in sustaining the objections of the state to these questions, and reversed the judgment and remanded the case.

Whether legal evidence as to the conviction and sentence to hard labor of Cliff Stubbs for selling whisky would be relevant, we need not decide. The evidence, oral evidence, thereof proposed by the defendant was clearly incompetent. The best evidence for establishing the fact of conviction for a crime is by a certified copy of the record of the court showing it, except when the witness is the person convicted. The witness here was not the person alleged to have been convicted; so this oral testimony offered by the defendant to show the conviction and sentence of Cliff Stubbs was properly not allowed by the trial court. Section 4009, Code 1907; Childers v. Holmes, 207 Ala. 382, 92 South. 615. See, also, Lakey v. State, 206 Ala. 180, 89 South. 605; Ex parte Marshall, 207 Ala. 566, 93 South. 471, 25 A. L. R. 338; Toles v. State, 170 Ala. 99, headnote 2, 54 South. 511.

It is true the presence of Cliff Stubbs with the defendant at the time of the alleged commission of the offense may be a part of the res gestæ of the surroundings at the time; but whether Stubbs was "a noted bootlegger in that community," his previous reputation for selling whisky would not be a part of the res gestæ of the offense alleged, and would shed no material light on whether the defendant had the jug of liquor in his arms and bottles in his pockets. 4 Michie, Dig. 417, § 219; 13 Michie, Dig. 670, § 219; Toliver v. State, 142 Ala. 3, 38 South. 801. Was this evidence relevant to the "identity" of Cliff Stubbs? Was this testimony necessary to the "identity" of Cliff Stubbs for the jury to know who was in the woods with defendant? There is nothing in the statement of facts in the opinion to indicate it. No fact is stated which would make it relevant for such a purpose. There was only one Cliff Stubbs in the woods with the defendant and the whisky. This is clear from the opinion. There is not the slightest intimation in the statement of facts of the case that would lead us to consider for a moment that there were two persons in that community named Cliff Stubbs; that they were identically alike in age, size, personal appearance, and the only distinguishing difference between them was their respective reputations as to whisky —one was "a noted bootlegger in that community," and the other was not. Such evidence as to the reputation of Stubbs was not proper subject of inquiry; it was relevant to no issue in the case. Toliver v. State, 142 Ala. 3, 38 South. 801; Bennett v. State, 52 Ala. 370; Patton v. State, 197 Ala. 180, headnote 3, 72 South. 401.

[2] The latitude allowed in the cross-exam-

ination of a witness rests in a great degree in the sound discretion of the trial court, subject to revision by this court. This discretion was not abused by the court when it sustained the objections to the state to the questions mentioned, and the evidence as proposed by the questions. Southern Rwy. Co. v. Hobbs, 151 Ala. 335, 352, 43 South. 844; In re Carmichael, 36 Ala. 514, 524, headnote 7; and authorities supra.

The petition for writ of certiorari will be granted; the judgment of reversal is set aside, and the cause is remanded to the Court of Appeals.

Writ granted.

All the Justices concur.