(101 So. 631)
**WIGGINS et al. v. STATE.** (4 Div. 958.)

(Court of Appeals of Alabama. Oct. 7, 1924.)

**1. Criminal law ☞363, 1169(1)—Evidence that near place where defendants possessed intoxicating liquor, still was found and destroyed, held part of res gestæ, and not injurious.**

Evidence that near place where defendants were charged with possessing whisky, still was found by officers and, in presence of two of defendants was destroyed, was admissible as part of res gestæ, and not injurious where evidence made clear cut issue as to possession.

**2. Intoxicating liquors ☞139—Charge on possession of liquor held not erroneous.**

Charge submitting question whether either defendant had possession or control of liquor, and, if one of them had possession, whether others had interest in it, or were assisting, aiding, abetting, or encouraging, or assisting in its possession *held* not erroneous.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Claud Wiggins, Barney Wiggins, and Noah H. Jernigan were convicted of violating the prohibition law, and they appeal. Affirmed.

Defendants excepted to the following excerpt from the court's oral charge:

"Did either of them [defendants] have the possession or control of it [liquor]? If you should find that one of them had the possession, then did the other two have an interest in it? Or if they didn't have an interest in it, were they there assisting, aiding, abetting, or encouraging, or assisting in its possession?"

E. O. Baldwin, of Andalusia, for appellants.

Upon the trial of an indictment for one offense, evidence of another and distinct offense is not admissible. Childers v. State, 18 Ala. App. 396, 92 So. 512; Gassenheimer v. State, 52 Ala. 315; Gardner v. State, 17 Ala. App. 589, 87 So. 885; Dennison v. State, 17 Ala. App. 674, 88 So. 211; Veal v. State, 19 Ala. App. 168, 95 So. 783.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel argue the questions raised, but without citing authorities.

BRICKEN, P. J. Insistence of error is predicated upon the rulings of the court on the admission of testimony, and upon an exception reserved to the court's oral charge. No special written charges appear to have been requested.

The evidence adduced upon the trial of these defendants in the court below was in sharp conflict, and presented therefore a question for the determination of the jury. The rulings of the court upon the admission of the evidence have been examined and must be sustained as no error appears in any of the rulings complained of to injuriously affect the substantial rights of the defendants, or either of them.

[1] The evidence of the state's witnesses, if believed to be true by the jury, under the required rules, was ample upon which to base the verdict rendered and to sustain the judgment of conviction. Under this evidence, and that offered by the defendants, the clear cut issue of fact was presented as to whether or not these defendants were found to be in the possession of the whisky (introduced in evidence), at the time and place designated. If the contention of defendants were true, and the jury so believed, they should have been acquitted. On the other hand, if the testimony given by the state's witnesses was believed by the jury, beyond a reasonable doubt, after a consideration of all the evidence, as the law requires, the verdict rendered was justified. This being true, the defendants could not have been injured by the rulings of the court in allowing the state to show that near the place where the defendants were charged with having possession of the whisky, a still, etc., was found by the officers and in the presence of two of the defendants (the defendant Barney Wiggins having escaped, as contended by state) was destroyed by them. This evidence was a part of the res gestæ and

for this reason was admissible; the transactions shown by the undisputed evidence were continuous in their nature. The court's rulings in this connection were also authorized under the rule laid down in Harden v. State (Ala. Sup., 4 Div. 112) 211 Ala. 656, 101 So. 442.

[2] The exception reserved to the court's oral charge is without merit. Harbin v. State, 210 Ala. 55, 97 So. 426; Id., 210 Ala. 667, 99 So. 100.

No error appears in any ruling of the court, and as the record proper is also free from error the judgment of the circuit court, appealed from, is affirmed.

Affirmed.