(106 So. 503)

**POWE v. STATE. (1 Div. 396.)**

(Supreme Court of Alabama. Dec. 17, 1925.)

1. **Homicide ⟾174(1)—Refusal to permit physician to testify whether he smelled shinny on breath of deceased's brother held not error.**

In murder prosecution, refusal to permit doctor who treated deceased and deceased's brother, who was also shot, about 1 or 1½ hours after shooting, to testify whether he smelled "shinny" on said brother's breath, *held* not error.

2. **Homicide ⟾174(2)—Permitting witness in murder prosecution to testify that he saw wound and blood on deceased held not error.**

Permitting witness in murder prosecution to testify, over objection, that he saw wound and blood on deceased's body, *held* not error.

3. **Witnesses ⟾268(1)—Cross-examination of defendant's witness as to statements made on preliminary examination held not error.**

In a murder prosecution, cross-examination of defendant's witness as to statements made by him on preliminary examination *held* not abuse of trial court's discretion.

4. **Criminal law ⟾404(3)—In murder prosecution, admission of defendant's pistol held not error.**

In murder prosecution, admission of defendant's pistol, containing four empty shells and one shell with ball which had been snapped, *held* not error.

5. **Criminal law ⟾829(1)—Refusal of requested charges substantially covered by charges given held not error.**

Under Code 1923, § 9509, refusal of defendant's requested charges substantially covered by instructions given was not error.

6. **Criminal law ⟾798(1)—In murder prosecution charge directing verdict of not guilty held properly refused.**

In murder prosecution, charge directing verdict of not guilty if any juror was not satisfied beyond a reasonable doubt of accused's guilt *held* properly refused.

7. **Homicide ⟾300(13)—Requested charge on self-defense, ignoring elements of freedom from fault and retreat, held properly refused.**

In murder prosecution defendant's requested charge on self-defense, ignoring elements of freedom from fault in bringing on difficulty and of retreat, was properly refused.

8. **Criminal law ⟾747—For jury and not court to determine which version of conflicting evidence is to be believed.**

Where evidence presents two reasonable and conflicting constructions, it is for jury and not court to determine which to believe.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Tom Powe was convicted of murder in the second degree, and he appeals. Affirmed.

G. O. Dickey, of Evergreen, and L. S. Hybart, of Monroeville, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

A charge requiring a verdict of not guilty, where one juror is not satisfied beyond a reasonable doubt, is properly refused. Pickens v. State, 115 Ala. 42, 22 So. 551; Goldsmith v. State, 105 Ala. 8, 16 So. 933. Charges requiring an acquittal, if the construction of the evidence favoring innocence is as reasonable as the construction favoring guilt, are bad. Webb v. State, 106 Ala. 57, 18 So. 491; Little v. State, 89 Ala. 99, 8 So. 82.

MILLER, J. The defendant, appellant, Tom Powe, was convicted by a jury of murder in the second degree—killing Lock Lambert, alias Lock Franklin, by shooting him with a pistol. His punishment was fixed at 40 years' imprisonment in the penitentiary.

There was a picnic at the home of Walter Lambert at night in February, 1925. It was for the public. He was a brother of the deceased, Lock Lambert. The defendant went to this picnic, and the deceased was there. Minnie Charlie, a sister-in-law of the defendant, was out in the yard or road near this house with Major House. The defendant told her to come in the house, and not to stay out there; that she was married. The defendant and Major then began to fuss and quarrel. Walter Lambert came out of the house, pushed the defendant, who was on the gallery of the house, and told defendant "to get out of my house and don't start no racket." The defendant pulled his pistol, shot Walter once, and then went into the house and shot Lock Lambert (Walter's brother) twice with his pistol. Neither Walter nor Lock had a pistol or gun; neither hit or attempted to strike defendant with a chair. Lock Lambert was taken to a physician and died in a few hours after receiving the wounds—one in the side and the other in the front of his body, and each wound was mortal. This was the tendency of the testimony for the state.

The evidence for the defendant tended to show that he and Major House were talking on the gallery after he had told Minnie

Charlie to come in the house. The door was opened; Walter Lambert and Lock Lambert came out. The defendant went into the room, and they followed him, Lock striking him with a gun and Walter striking him with a chair. The defendant was knocked to his knees. They continued to strike him, and defendant then drew his pistol, shot Walter once and Lock twice while in that position, and when they were striking him.

[1] Dr. Broughton, witness for the state, testified that Lock Lambert was brought to his office about 11:30 o'clock at night, after he was shot, and that each wound on his body was mortal. On cross-examination by defendant, he stated he did not smell any "shinny" on the breath of Lock Lambert; and the court, over the objection of the state, would not permit him to state whether he smelt any "shinny" on the breath of Walter Lambert. This was at the doctor's office, from an hour to an hour and a half after the shooting. The court will not be placed in error for this ruling. It would shed no material light on the guilt or innocence of the defendant, and it would not tend to show that Walter Lambert was drinking at the time of the difficulty.

[2] Lock Lambert was taken to his house, and J. D. Lambert, a state witness, saw him just a few minutes before he died, and he was permitted to testify, over objection of defendant, that he saw the wound in front on his body, and there was blood on his body. This was relevant and competent evidence. It was the wound made by the pistol ball of defendant, and blood was coming from it. This tended to show the wound on his body, and that it caused his death. Terry v. State, 118 Ala. 80, headnote 3, 23 So. 776.

[3] Carl Hill, witness for the defendant, testified he saw Walter Lambert and Lock Lambert come out of the house, and Lock struck defendant with a gun, and he (witness) then left. On cross-examination he stated he was examined on the preliminary hearing before Judge Fountaine; and the court permitted the state to ask him, over defendant's objection, and he answered that he did not testify on that examination that he and Minnie (sister-in-law and witness for defendant) and Lucy had talked it over. In this ruling there was no error. The trial court did not thereby abuse the discretion allowed on cross-examination of the witness. Ex parte State ex rel. Atty. Gen., 210 Ala. 667, headnote 2, 99 So. 100; Ratliff v. State, 212 Ala. 410, headnote 10, 102 So. 621.

[4] The pistol used by the defendant had four empty shells therein, and one shell with ball, and was offered in evidence by the state. This one with ball had been snapped. There was evidence that defendant shot one shell before he went to the picnic, three in the difficulty, and that he had snapped the other shell and it would not fire. The evidence tended to show this pistol, four shells and one cartridge therein, were in the same condition as they appeared immediately after the difficulty, and the court did not err in allowing them to be placed in evidence. They were silent but deadly witnesses, forming a part of the res gestæ of the homicide, showing or tending to show the deceased was shot with a pistol by defendant as charged in the indictment. 8 Michie, Dig. 231, § 104 (2).

The court refused, separately, to give written charges 4, A, A-2, A-4, A-5, C, and D, separately requested by the defendant.

[5] Charges 4 and A-4 were refused without error, because the rule of law declared or attempted to be declared in each charge was substantially and fairly given to the jury by the general oral charge of the court and written charges 3, 5, and B, given by the court to the jury at the request of the defendant. Section 9509, Code of 1923.

[6] Charge A was correctly refused. It contains an erroneous statement of the law, in that, it directs a verdict of not guilty if any juror is not satisfied beyond a reasonable doubt of the guilt of the defendant. It might have authorized a mistrial, but not a verdict of not guilty. Pickens v. State, 115 Ala. 42, headnote 7, 22 So. 551; Morrison v. Clark, 196 Ala. 670, headnote 14, 72 So. 305, and authorities there cited.

[7] Charge A-2 ignores in self-defense the element of freedom from fault in bringing on the difficulty, and the element of retreat, and was therefore properly refused. Jackson v. State, 77 Ala. 18, headnote 6; Bluitt v. State, 161 Ala. 14, 49 So. 854; Oldacre v. State, 196 Ala. 690, 72 So. 303.

Charge A-5 was condemned by this court in Ex parte Davis, 184 Ala. 26, 63 So. 1010.

[8] The court did not err in refusing charges C and D. Each invades the province of the jury. When the evidence presents two reasonable and conflicting constructions, one favorable and the other unfavorable to the defendant, it is for the jury and not the court to determine and decide which they will believe. Little v. State, 89 Ala. 99, headnote 3, 8 So. 82.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.