(120 So. 163)

**MAYS v. STATE.** (6 Div. 42.)

Supreme Court of Alabama. Jan. 31, 1929.

See, also, ante, p. 40, 117 So. 457.

F. D. McArthur, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

ANDERSON, C. J. ██ The defendant proved a good character for peace and quiet. The trial court then permitted the witness, upon cross-examination and over the objection of the defendant, to testify that he (the defendant) had the reputation of a bootlegger.

This fact did not affect the defendant's character for peace, or tend to discredit the character witness as to the estimate placed by him upon the defendant's character and was highly improper and prejudicial. Way v. State, 155 Ala. 63, 46 So. 273; Moulton v. State, 88 Ala. 118, 6 So. 758, 6 L. R. A. 301. Nor was this error cured by the fact that the defendant subsequently testified as a witness, as he could not be impeached upon a mere reputation of being a bootlegger or for a conviction as such for that matter. Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 L. R. A. 338; Harbin v. State, 210 Ala. 667, 99 So. 100, and cases there cited; Baugh v. State, 215 Ala. 619, 112 So. 157.

██ The trial court erred in permitting the witness Floyd Calhoun, over the objection of the defendant, to testify as to a conversation with his father and also with Oscar Martin. These conversations did not occur in the presence of the defendant, and were purely hearsay evidence.

This is a companion to the case of Lockett v. State (Ala. Sup.) 117 So. 457,[1] and there was no error of the trial court in the rulings upon the assumption that what transpired from the arrest of Brown to the time of the killing was a part of the res gestæ, and that there was prima facie a conspiracy between this defendant and Lockett.

██ While the examination of the jurors by counsel on both sides took rather a wide range, it seems to have been authorized by section 8662, new to the Code of 1923, and which applies to all cases civil and criminal. This does not mean, however, that an affirmative answer to the different questions would necessarily give a right to challenge for cause.

We do not think the trial court committed reversible error in the voir dire examination of the jurors, though it is safer to adopt, as near as practicable, the statute (sections 8610 and 8612 of the Code of 1923) in interrogating the jurors, subject, of course, to an explanation when not understood by the jurors.

As this case must be reversed, it is unnecessary to pass upon the motion for a new trial, as the matter there complained of need not and should not arise upon another trial.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, BOULDIN, and FOSTER, JJ., concur.

THOMAS and BROWN, JJ., concur in all except as to the cross-examination of the witness as to the defendant's reputation as a bootlegger. They do not think there was error in this respect.

[1] Ante, p. 40.