The defendant was indicted and convicted for the first degree robbery of Oweb Bainhill who managed the Zip Mini Mart on South Memorial Drive in Prattville. He was sentenced as an habitual offender to life imprisonment without parole. Three issues are raised on appeal.
 I
Conflicting evidence always presents a question for the jury unless the evidence fails to establish a prima facie case.Starling v. State, 398 So.2d 337 (Ala.Cr.App.), cert. denied,Ex parte Starling, 398 So.2d 342 (Ala. 1982). In his oral charge to the jury, the trial court summarized the factual issue presented by all the evidence:
 "It's the State's contention that the defendant in this case went to this service station to rob the person who was there and to take money. It's the defendant's contention that he went up there to hopefully pawn a pistol, or to try to pawn a pistol to the man who was in charge of the service station. Now, I charge you simply that if you decide the first alternative; that is, that he went up there with the pistol to rob the man, then he would be guilty. But if on the other hand, he went up there to pawn the pistol to the man, he would be not guilty. That's the real bottom line issue that you have to decide."
Mr. Bainhill and his wife had been observing the defendant outside his store immediately before the attempted robbery. When the defendant entered the store and drew a .25 caliber automatic pistol from his rear pocket, Mr. Bainhill accosted him before the defendant could finish the statement, "This is a . . . ." During the struggle, Bainhill shot the defendant, who dropped his pistol and fled.
The defendant denied any criminal intent and testified that he was going to ask Bainhill to "hold the gun for a week or so" as collateral for the items he wanted to purchase. The defendant stated that when Bainhill shoved him he was trying to say, "This is a gun that I want to pawn, if you'll take it for some gas, cigarettes and some brake fluid."
The State's evidence was sufficient to establish a prima facie case of robbery in the first degree. The defendant's testimony presented an explanation for his actions and an alternative for the jury to consider. "When the evidence presents two reasonable and conflicting constructions, one favorable and the other unfavorable to the defendant, it is for the jury and not the court to determine and decide which they believe." Powe v. State, 214 Ala. 91, 92, 106 So. 503 (1925).
 II
The defendant argues that the trial court erred in denying his motion for a mistrial based on the prosecutor's comment.
On the second day of trial, the judge asked the prosecutor about the number of state witnesses remaining to testify. The *Page 1138 
district attorney's allegedly prejudicial comment was: "Your Honor, we have one — had two, but neither one of them showed up. One we're going to ask for a bench warrant." The prosecutor then identified by name the witness to be subpoenaed.
Defense counsel requested a mistrial on the basis that the district attorney was "going to make an inflammatory remark about witnesses that they've (the jury) got to listen to." A mistrial was also requested because of the prosecutor's "very ugly manner." The trial court denied the motion and, immediately thereafter, the State rested its case. No further objection was made and no limiting instructions were requested.
At the hearing on the motion for new trial, juror James Cook testified that the jury discussed this incident and expressed some concern as to why the district attorney was not given additional time to locate his witnesses.
On appeal the defendant argues that the inference from the comment was that the prosecutor had evidence to prove the defendant guilty beyond all reasonable doubt but was deprived of presenting such evidence because of the absence of his witnesses. Additionally, he contends that the real prejudicial effect of the comment "is found in the tone, manner and inflection" placed upon the words used.
The record does not reveal such prejudice to the accused or a miscarriage of justice which would warrant the extreme measure of a mistrial. Shadle v. State, 280 Ala. 379, 304,194 So.2d 538 (1976); Kelley v. State, 405 So.2d 728 (Ala.Cr.App.), cert. denied, 405 So.2d 731 (Ala. 1981); Windom v. State, 18 Ala. App. 430,433, 93 So. 79, cert. denied, 208 Ala. 701, 93 So. 924
(1922). Obviously, the trial court was in a much better position to determine what effect, if any, the prosecutor's demeanor, tone and inflection of voice had upon the jury's ability to fairly and justly decide the defendant's fate.Minnifield v. State, 392 So.2d 1288 (Ala.Cr.App. 1981). "It is not feasible for this Court to review the tone of voice used, and it is impossible to detect the accompanying gestures or other subtleties which animate verbal speech from a written transcript." State v. Passman, 345 So.2d 874, 882 (La. 1977). The record supports no finding of abuse of the trial judge's discretion in overruling the request for a mistrial.
 III
The defendant argues that under Brady v. Maryland,373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and United States v.Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the State was under a constitutional duty to disclose that "the `stocking mask' found by police, if one was found, was not legal evidence."
From the record the facts supporting this argument are not abundantly clear. Apparently, in investigating the case, defense counsel interviewed the police officers who investigated the crime. Officer Gerald Dennis told defense counsel, allegedly in the presence of the district attorney, that a stocking mask similar to the one described by Mrs. Bainhill had been found. Dennis also informed defense counsel that it was legal evidence that would be used by the prosecution.
Allegedly, Mr. Bainhill gave a statement to the police on the night of the robbery and did not mention a stocking mask. The next morning he gave a second statement which included information about a stocking. Defense counsel asserts that "based upon the expectation that the `stocking mask' would be offered and admitted as evidence", he "made a decision to offer the police reports into evidence for the purpose of emphasizing the contradiction, in support of the defense's theory that there never really existed any `stocking mask'." At trial during the State's case in chief, defense counsel introduced a police report which showed that a "nylon stocking on head" was listed as an item of inventory.
The defendant complains that to his "damaging surprise" the State rested without introducing any stocking. "Consequently, the only reference to the stocking during the trial came from Mrs. Bainhill, who testified that she saw a stocking on the *Page 1139 
defendant's head but not pulled over his face and on defendant's Exhibit 1 which listed as an item of inventory `nylon stocking on head'."
Under Brady, the prosecution is under no duty to disclose evidence that is available to the defense from another source.United States v. Milstead, 671 F.2d 950, 953 (5th Cir. 1982);United States v. Furlow, 644 F.2d 764, 767 (9th Cir. 1981). Here, the defendant complains not that the State failed to disclose evidence, but that the State failed to disclose its opinion as to the illegality of certain evidence.
Here also, defense counsel knew of Bainhill's allegedly inconsistent statements and knew that a stocking had been found. See United States v. Truong Dinh Hung, 667 F.2d 1105,1107 (4th Cir. 1981), cert. denied, 454 U.S. 1144,102 S.Ct. 1004, 71 L.Ed.2d 296 (1982), holding that the failure to disclose impeachment evidence favorable to the defendant did not require a reversal because the defense was already familiar with the information. In spite of this knowledge, defense counsel deliberately elected not to cross examine Mr. Bainhill about the stocking. Although defense counsel was undoubtedly surprised, the surprise was caused by his own trial strategy and not by any failure of the State to disclose exculpatory evidence. In conclusion, the prosecutor's trial strategy is not evidence and is not subject to discovery within the meaning ofBrady v. Maryland. Generally, see Annot. 7 A.L.R.3d 8 (1966).
We have reviewed the issues raised on appeal, and the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.