Chedric Mosley was indicted and convicted for sodomy in violation of Alabama Code 1975, § 13A-6-63. He was sentenced as a habitual offender to life imprisonment without parole. Two issues are raised on appeal.
 I
The State presented sufficient evidence to support the jury's verdict and the judgment of conviction.
The assault occurred on June 19, 1982, in the Calhoun County Jail. Dennis Duncan testified, in explicit detail, that Mosley and several other inmates beat and sodomized him. His testimony was confirmed by inmate Render Owensby, who witnessed the attack.
Mosley denied the offense and presented the testimony of nine other inmates of the county jail to support his testimony that no sodomy occurred.
Mosley argues that the evidence is insufficient because "it is obvious from the testimony that Dennis Duncan and Render Owensby testified against him in this case for the sole purpose of receiving favorable treatment from the State." Appellant's Brief, p. 15. *Page 36 
"It is not the province of this court to reweigh the evidence. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). The weight of the evidence, the credibility of the witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury alone. Willcutt v. State,284 Ala. 547, 226 So.2d 328 (1969)." Walker v. State,416 So.2d 1083, 1089 (Ala.Cr.App. 1982). "It was within the province of the jury to give the evidence in the case whatever weight and emphasis they thought proper in reaching their verdict." Linsonv. State, 394 So.2d 85, 92 (Ala.Cr.App. 1981). "Where, as in this case, there is conflicting evidence presented by the prosecution and the defense, it is for the jury to resolve the conflict and determine the defendant's guilt or innocence. . . . In making its determination, the jury may believe or disbelieve all or any part of the testimony presented by either side." Terry v. State, 424 So.2d 652, 655 (Ala.Cr.App. 1982).
"Conflicting evidence always presents a question for the jury unless the evidence fails to establish a prima facie case.Starling v. State, 398 So.2d 337 (Ala.Cr.App.), cert. denied,Ex parte Starling, 398 So.2d 342 (Ala. 1981)." Gardner v.State, 440 So.2d 1136, 1137 (Ala.Cr.App. 1983). By the victim's testimony, the State established a prima facie case of sodomy in the first degree.
"This Court will not interfere when the evidence is conflicting if there was material evidence tending to support the jury's verdict. `(T)he verdict settles any conflict in the evidence' and this Court will not invade the province of the jury. 24A C.J.S. Criminal Law § 1881 (1962)." Simmons v. State,428 So.2d 218, 219 (Ala.Cr.App. 1983). "Where there is evidence from which the jury may by fair inference find the defendant guilty, the trial court should submit the case to the jury to determine the weight it will give the evidence, and this Court should not disturb the verdict." Giles v. State,440 So.2d 1237, 1239 (Ala.Cr.App. 1983). "Conflicting evidence is for the jury and a verdict rendered thereon will not be disturbed on appeal." Crowell v. State, 389 So.2d 545, 548 (Ala.Cr.App. 1980).
The State presented a prima facie case of first degree sodomy, Rudolph v. State, 355 So.2d 739 (Ala.Cr.App. 1977), cert. denied, Ex parte Rudolph, 355 So.2d 740 (Ala. 1978), which Mosley attempted to discredit by offering conflicting evidence. The trial judge properly submitted the case to the jury, who believed the State's evidence. This Court is not a trier of fact. The jury has already made that determination and weighed the credibility of the witnesses.
 II
Mosley was sentenced as a habitual offender. The record on appeal does not contain a transcript of that hearing. Mosley argues that this omission denies him an adequate and proper appellate review of his conviction and sentence.
Mosley is indigent and was granted a free transcript. After notice of appeal had been given, appellate counsel filed a "motion to complete, supplement and/or amend the record" by including a transcript of the sentencing hearing. After a hearing, the trial judge denied this motion, finding "(t)hat the Court Reporter of the trial Judge did not record or no longer has the transcript of the sentencing hearing."
The supplemental record filed in this case does show that at the sentencing hearing the prosecutor introduced a certified copy of the Calhoun County Circuit Court minutes showing that Mosley had previously been convicted of three felonies. At trial, Mosley admitted that he had six prior felony convictions for burglary. That admission alone provided the showing necessary to subject Mosley to the Habitual Offender Act.Miliner v. State, 414 So.2d 133, 135 (Ala.Cr.App. 1981), on remand, 431 So.2d 581 (Ala.Cr.App.), cert. denied,431 So.2d 582 (Ala. 1983). With three prior felony convictions, the trial judge had no discretion and was required to sentence Mosley *Page 37 
to life without parole. Alabama Code 1975, § 13A-5-9 (c)(3).
Although Mosley alleges that he has suffered "irreparable harm" and has been denied adequate appellate review due to the absence of a transcript of the sentencing hearing, he fails to allege or even speculate on specific error or injury that may have occurred during sentencing.
Here, there has been no attempt to reconstruct the proceedings of the sentencing hearing through the use of statement of the evidence and proceedings as authorized by Rules 10 (d) and (e), A.R.A.P. There has been no contention that such a statement in lieu of a transcript would not afford Mosley "a viable remedy on appeal." Ex parte Steen,431 So.2d 1385, 1390 (Ala. 1983).
Mosley was represented by the same counsel at trial and on appeal. Even where appellate counsel is different from trial counsel, appellate courts do not follow a "mechanistic approach" and automatically reverse a conviction because the transcript is less than complete. United States v. Upshaw,448 F.2d 1218, 1223 (5th Cir. 1971), cert. denied, Upshaw v. UnitedStates, 405 U.S. 934, 92 S.Ct. 970, 30 L.Ed.2d 810 (1972). From the record before this Court and considering Mosley's vague and general allegations of injury, we find that none of Mosley's substantial rights were adversely affected by the omission of the sentencing hearing from the transcript.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.