JAMES H. FAULKNER, Retired Justice.
Tyris Luverne Smith was indicted for the offense of burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975. The jury found Smith guilty as charged in the indictment, and he was sentenced as a habitual offender to four years’ imprisonment.
The sole issue raised on appeal is whether the trial court erred in denying Smith’s motion to dismiss on the ground of double jeopardy. In particular, Smith argues that he has already been charged, tried, and convicted of the offense of criminal mischief in the second degree pertaining to the destruction of four glass door panels in the *487 East Three Notch Elementary School on November 4, 1989. Smith contends that he cannot now be charged, tried, and convicted of the offense of burglary in the third degree pertaining to the break-in of the elementary school on November 4, 1989 because nothing was stolen and because the two offenses were a part of the same transaction. We disagree.
The double jeopardy clause seeks to protect against 1) a second prosecution for the same offense after acquittal on the first prosecution, 2) a second prosecution for the same offense after conviction on the first prosecution, and 3) multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), overruled on other grounds, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The threshold in analyzing a claim based on double jeopardy is an examination of the elements of the initial and the subsequent prosecutions: if the subsequent prosecution requires proof in addition to that required in the initial prosecution, then there is no violation of the double jeopardy clause. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). More recently, in Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548, 564 (1990), the United States Supreme Court held that the “Double Jeopardy Clause bars any subsequent prosecution, in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.”
Section 13A-7-22(a), Code of Alabama 1975, defines the offense of criminal mischief in the second degree as follows:
“(a) A person commits the crime of criminal mischief in the second degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property in an amount which exceeds $250.00 but does not exceed $1,000.00.”
Section 13A-7-7(a), Code of Alabama 1975, defines the offense of burglary in the third degree as follows:
“(a) A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.”
Under the Blockburger analysis, a review of these two statutory provisions clearly establishes that the proof required for the two offenses is very different. The offense of burglary in the third degree is complete when the accused knowingly enters or remains unlawfully in a building with the intent to commit a crime — the accused’s completion of the intended criminal act is not required. Conner v. Bowen, 842 F.2d 279 (11th Cir.), cert. denied, 488 U.S. 840, 864, 109 S.Ct. 107, 164, 102 L.Ed.2d 82, 135 (1988); Smith v. State, 492 So.2d 638 (Ala.Cr.App.1986). The offense of criminal mischief in the second degree, on the other hand, requires that the accused actually inflict damage to property in an amount greater than $250 but less than $1,000. It is thus possible to commit the offense of second degree criminal mischief without committing the offense of third degree burglary where the accused intentionally damages property although lawfully in the place where the property was damaged.
Likewise, under the Grady “conduct” analysis, a review of the conduct sought to be prosecuted clearly establishes that the conduct sought to be proven for each offense is very different. In Smith’s first conviction for second degree criminal mischief, the conduct sought to be prosecuted was Smith’s alleged destruction of the glass panels in the main entrance, the principal’s door, a secretary’s door, and a classroom door and Smith’s alleged use of a concrete block on the school property. In the case sub judice, the conduct sought to be prosecuted was Smith’s alleged action in unlawfully entering or remaining in the school with the intent to destroy school property.
*488 It was therefore proper for the trial court to deny Smith’s motion to dismiss on the ground of double jeopardy.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
PATTERSON, P.J., and TYSON and McMILLAN, JJ., concur.
BOWEN, J., dissents with opinion.
TAYLOR, J., joins in dissent.