MONTIEL, Judge.
The appellant was indicted for attempted kidnapping in the first degree, in violation of § 13A-4-2, Code of Alabama 1975. She pleaded guilty to second degree kidnapping but reserved her right to appeal the trial court’s denial of her motion to dismiss, based on the ground of double jeopardy. The appellant contends that her prior conviction for assault in the third degree bars her subsequent prosecution for attempted kidnapping because the State would have to prove the conduct for which she had already been prosecuted in order to establish an essential element of the attempted kidnapping charge.
The appellant was convicted of third degree assault in Guntersville Municipal Court. The complaint charged her with causing physical injury to Betty Saint by hitting her and trying to close the trunk lid *1320 of an automobile on her. The indictment in the case sub judice charged the appellant with attempting to kidnap Betty Saint by abducting her with the intent to physically injure her.
In order to determine whether a subsequent prosecution is barred by double jeopardy, this court must first apply the test set out in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). “If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. Brown [v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)].” Id. 495 U.S. at 516, 110 S.Ct. at 2090.
A person commits the offense of assault in the third degree if, “[w]ith the intent to cause physical injury to another person, he causes physical injury to any person.” Ala.Code 1975, § 13A-6-22(a)(l). A person commits a kidnapping in the first degree if he abducts another person with the intent to inflict physical injury upon him. § 13A-6-43(a)(4). A person commits a kidnapping in the second degree if he abducts another person. § 13A-6-44. “A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.” § 13A-4-2.
A review of the applicable statutory provisions reveals that attempted kidnapping and assault in the third degree have different statutory elements and that neither is a lesser included offense of the other. Attempted kidnapping in the first degree requires an attempt to abduct the victim with the intent to inflict physical injury on the victim. Assault in the third degree requires that the assailant cause physical injury to another person. Under Grady v. Corbin, however, a subsequent prosecution must do more than survive the Blockbur-ger test. According to Grady, “[t]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an ‘actual evidence’ or ‘same evidence’ test. The critical inquiry is what the State will prove, not the evidence the State will use to prove that conduct.” Grady v. Corbin, 495 U.S. at 521, 110 S.Ct. at 2093 (footnotes omitted). “[T]he presentation of specific evidence in the trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding.” Id.
During the hearing on the appellant’s motion to dismiss, the prosecutor recited the basic facts of the case. He stated that the appellant blocked Saint’s automobile and then opened the trunk of the appellant’s car. When Saint got out of her car, the appellant shoved Saint towards the trunk. She told Saint she was going to drive off and kill her. The appellant pushed Saint into the trunk. Saint struggled to get out of the trunk and the appellant attempted to close the lid to the trunk. The appellant hit Saint and told her to stay in the trunk. A bystander pulled the appellant away from Saint.
An analysis of the applicable statutes and a review of the conduct sought to be prosecuted reveals that the subsequent prosecution did not violate the mandates of Grady and the prohibition against double jeopardy. The facts of the case, as presented by the State, indicate that the appellant pushed Saint into the trunk and stated that she was going to drive off and kill her. Although the appellant caused physical injury to Saint by hitting her and striking her with the trunk lid could be relitigated, under the circumstances of this case, this fact was not an essential element of the charged offense. See Smith v. State, 601 So.2d 486 (Ala.Crim.App.1991). The appellant was initially prosecuted for causing physical injury to Saint. In the case sub judice, the conduct sought to be prosecuted was the appellant’s alleged attempted abduction of Saint with the intent to injure her. Thus, the State needed to prove only that the appellant made any overt act towards the commission of a kidnapping with *1321 the intent to physically injure the victim. The facts, as recited by the State, indicate that the appellant pushed Saint towards and eventually into the trunk and threatened to drive off and kill her. It was therefore proper for the trial court to deny Smith’s motion to dismiss on of double jeopardy grounds.
For the reasons set forth above, the judgment is due to be, and hereby it is, affirmed.
AFFIRMED.
PATTERSON and McMILLAN, JJ., concur.
BOWEN, J., dissents with opinion in which TAYLOR, J., joins.