MADDOX, Justice.
We granted the writ of certiorari in this case to review a judgment of the Court of Criminal Appeals holding that a defendant, who had previously been convicted of criminal mischief (Ala.Code 1975, § 13A-7-22) for destroying school property, could subsequently be tried and convicted of burglary in the third degree (Ala.Code 1975, § 13A-7-7) for unlawfully entering or remaining in a school building with intent to destroy school ’property.
After reviewing the record, we are convinced that the defendant’s right against being twice placed in jeopardy was violated; therefore, we reverse the judgment of the Court of Criminal Appeals and remand the cause to that Court with instructions to render a judgment in favor of the defendant.
The facts of the case are sufficiently set out in the opinion of the Court of Criminal Appeals and in the dissenting opinion of Judge Bowen. 601 So.2d 486. It is not disputed that the conduct giving rise to both offenses arose out of an incident at the East Three Notch Elementary School in Andalusia. The conduct made the basis of the criminal mischief charge, according to the majority opinion, “was [the defendant’s] alleged destruction of the glass panels in the main entrance, the principal’s door, a secretary’s door, and a classroom door and [defendant’s] alleged use of a concrete block on the school property.” The conduct made the basis of the burglary charge “was [the defendant’s] alleged action in unlawfully entering or remaining in the school with the intent to destroy school property.”
The Court of Criminal Appeals affirmed the defendant’s burglary conviction and held that there was no double jeopardy because, the court said, the proof required for the two offenses was very different. Judges Bowen and Taylor dissented. Judge Bowen wrote that he was of the opinion that the petitioner’s rights were violated; he based his conclusion on the test laid down by the United States Supreme Court in Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990):
“To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional Blockburger [v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ] test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. Brown [v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)].
Grady, 495 U.S. at 516, 110 S.Ct. at 2090.
“[However], a subsequent prosecution must do more than merely survive the Blockburger test. As we suggested in *490 [Illinois v.] Vitale, [447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)] the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an ‘actual evidence’ or ‘same evidence’ test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.”
Id. at 521, 110 S.Ct. at 2093 (footnotes omitted).
Judge Bowen wrote, dissenting:
“The inquiry mandated by Grady is whether the State, in order ‘to establish an essential element of an offense charged in [the second] prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted....’
“Here, the first prosecution was for criminal mischief — [intentionally] destroying school property. The second prosecution was for burglary — unlawfully entering or remaining with the intent to destroy school property. Thus, to establish the intent to destroy school property, an essential element of burglary, the offense charged in the second prosecution, the State proved conduct ([intentionally] destroying the property) which constituted the offense of criminal mischief for which the defendant had already been prosecuted.”
We agree with Judge Bowen that the defendant was twice put in jeopardy by his prosecution in this case. We, therefore, reverse the judgment of the Court of Criminal Appeals and remand the cause to that court with instructions to render a judgment in favor of the defendant.
REVERSED AND REMANDED, WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.