SHORES, Justice.
Cheri Ann Staten was indicted in Marshall County for attempted kidnapping in the first degree, in violation of Alabama Code 1975, § 13A-4-2. She pleaded guilty to second degree kidnapping, but reserved her right to appeal the trial court’s denial of her motion to dismiss, based on the ground of double jeopardy.
In February 1990, Staten was convicted in the Guntersville Municipal Court of assault in the third degree, in violation of Alabama Code 1975, § 13A-6-22(a)(1). The complaint charged Staten with causing physical injury to Betty Saint by hitting her and trying to close the trunk lid of an automobile on her, after Staten had pushed Saint into the trunk. In April 1990, based on the earlier incident, the Marshall County grand jury charged Staten with attempting to kidnap Saint (in the first degree) by abducting her with the intent to physically injure her. The Court of Criminal Appeals affirmed her conviction. Staten v. State, 622 So.2d 1319 (Ala.Crim.App.1992).
We granted certiorari review to consider Staten’s claim that the trial court erred by not vacating her attempted kidnapping conviction on the grounds of double jeopardy. Staten argues that the State had to prove conduct for which she had already been prosecuted in order to establish an essential element of the attempted kidnapping charge, and, thus, that her conviction is due to be vacated because it is barred by the double jeopardy provisions of the Alabama and United States Constitutions. We agree; we reverse the conviction and render a judgment for Staten.
Both the United States Constitution and the Alabama Constitution contain provisions prohibiting a person from twice being placed in jeopardy for the same offense. Ala. Const., of 1901, Art. I, § 9; U.S. Const., Amend V. The United States Supreme Court explained the principle of double jeopardy in Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), as follows:
“The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is central to the objective of the prohibition against *1323 successive trials. The Clause does not allow ‘the State ... to make repeated attempts to convict an individual for an alleged offense/ since ‘[t]he constitutional prohibition against “double jeopardy” was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.’ Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957); see Serfass v. United States, 420 U.S. 377, 387-388, 95 S.Ct. 1055, 1061-1062, 43 L.Ed.2d 265 (1975); United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971).”
(Quoted in Ex parte Beverly, 497 So.2d 519 at 522 (Ala.1986)).
In order to determine whether Staten’s attempted kidnapping charge is barred by the double jeopardy provisions of the Constitutions, we must first apply the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).
“If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).”
Id., 495 U.S. at 516, 110 S.Ct. at 2090.
Further, the United States Supreme Court, in Grady v. Corbin, said that a subsequent prosecution must do more than pass the Blockburger test.
“[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an ‘actual evidence’ or ‘same evidence’ test. The critical inquiry is what the State will prove, not the evidence the State will use to prove that conduct.”
Grady v. Corbin, 495 U.S. at 521, 110 S.Ct. at 2093 (footnotes omitted) (emphasis added).
Attempted kidnapping in the first degree requires an attempt to abduct the victim with the intent to inflict physical injury to the victim. Alabama Code 1975, § 13A-6-43(a)(4). Assault in the third degree requires that the assailant cause physical injury to another person. Alabama Code 1975, § 13A-6-22(a)(1).
While an essential element of attempted kidnapping is intent to injure, and not actual injury to the victim, the State, in this case, presented evidence of Saint’s actual injury in order to allow the factfinder to infer Staten’s intent in trying to kidnap Saint. The State proved Staten’s intent to injure Saint by showing the following conduct on her part: pushing the victim into the trunk of the car, trying to close the trunk lid, stating to the victim that she [Staten] would “take off and kill [Saint],” and, finally, hitting the victim and telling her to stay in the trunk. Staten’s abduction of Saint with the intent to injure her was an essential element of attempted kidnapping. This conduct constitutes an offense that Staten had already been convicted of, specifically, assault in the third degree, and, according to Grady v. Corbin, the admission of evidence of this conduct is barred by the double jeopardy provisions. The trial judge could have relied merely on the evidence of Staten’s threat to kill Saint in order to establish intent. However, because evidence of the actual injury was admitted to establish intent, the conviction for attempted kidnapping in the first degree must be reversed. The judgment of the Court of Criminal Appeals is reversed, and a judgment is rendered for Staten.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.