Stevie Ray Miller, the appellant, was convicted of kidnapping in the first degree and was sentenced to 25 years' imprisonment. He raises five issues on this direct appeal from that conviction.
 I.
The trial court properly refused to charge the jury on assault in the first, second, and third degrees because there was no evidence of "physical injury." We recognize that under certain circumstances, assault may constitute a lesser included offense of kidnapping, see Ex parte Staten, 622 So.2d 1321
(Ala. 1992) (assault a lesser included offense of attempted kidnapping), however, those circumstances do not exist in the present case.
"Physical injury" is defined as the "[i]mpairment of physical condition or substantial pain." Ala. Code 1975, § 13A-1-2(8). Some degree of physical injury is an element of each degree of assault. §§ 13A-6-20, -21, -22.
 "The Criminal Code is designed to cover additional conduct intentionally done to harm, annoy or alarm another. Alabama statutes on assault and battery, former §§ 13-1-40 through 13-1-50, made any nonconsented touching an assault and battery. Seigel v. Long, 169 Ala. 79, 53 So. 753 (1910) (defendant placed his hand on plaintiffs forehead and pushed his hat back for the purpose of seeing his face and identifying him). Under Article 2 of Chapter 6 of this Criminal Code there is no assault until there is physical injury defined as 'impairment of physical condition or substantial pain.' Accordingly, a mere physical touching does not fall within the assault provisions, unless an intent to inflict physical injury is proven."
Ford New Holland, Inc. v. Beaty, 602 So.2d 1198, 1200-01 (Ala. 1992) (quoting Commentary, Ala. Code 1975, § 13A-11-8).
Here, the victim testified that the appellant "put a gun to [her] stomach" and "forced" her into her car by "choking [her]", and that "he was kicking [her]." R. 13. However, there was absolutely no evidence that the appellant's actions caused the victim physical injury or substantial pain. The appellant's testimony was to the effect that he did not force the victim to do anything.
In responding to the appellant's request for instructions on assault, the trial judge stated: "There is no claim of injury by anybody. . . . Well, there has got to be some evidence to support it. There has been no complaint of any pain other than the frightening *Page 365 
aspect of the case." R. 89, 90-91. Under the circumstances of this case, the evidence does not provide reasonable inferences of either physical injury or substantial pain. Seay v. State,479 So.2d 1338, 1342 (Ala.Cr.App.), cert. denied,479 So.2d 1343 (Ala. 1985) (although there was evidence defendant "pushed" kidnapping victim, evidence would not have supported charge on assault). Compare Hutcherson v. State,441 So.2d 1048, 1051 (Ala.Cr.App. 1983) ("choking someone for at least forty-five seconds to the point where the victim does not remember anything certainly constitutes a 'physical injury' " warranting a jury charge on assault in the second degree). The trial judge "shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." Ala. Code 1975, § 13A-1-9(b).
 II
After the jury had begun its deliberations, it requested to be recharged on the elements of kidnapping in the first degree and the lesser included offense of menacing. R. 108. After the trial court recharged the jury on the elements of the offenses, defense counsel objected because "we would prefer that the entire charge be given again, and not just a portion of it." R. 113. Defense counsel specifically objected to the trial judge's failure to recharge the jury on "the definition of 'abduct', or 'restrain.' " R. 113. We find no error in the trial court's failure to restate its entire charge.
 "When a jury requests additional instructions the recommended practice is for the trial court to remain within the area of the specific request in making his response. East v. State, 339 So.2d 1104, 1106-07 (Ala.Cr.App. 1976). A trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury. White v. State, 195 Ala. 681, 686, 71 So. 452
(1916); Thomas v. State, 393 So.2d 504, 508
(Ala.Cr.App. 1981). It is assumed that the jury will consider the previously given instructions along with those given in the supplemental charge. Turner v. State, 160 Ala. 40, 47, 49 So. 828
(1909)."
Davis v. State, 440 So.2d 1191, 1195 (Ala.Cr.App. 1983), cert. denied, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984). See also Deutcsh v. State, 610 So.2d 1212, 1217-18 (Ala.Cr.App. 1992).
 III
The trial judge's comments in urging the jury to reach a verdict were not prejudicial to the appellant.
The jury began its deliberations at 10:17 a.m. on the second day of trial and had not reached a verdict at the end of the day. R. 107. The following morning, the trial judge recharged the jury on the elements of the offenses as requested by the jury. On that occasion, the trial judge stated:
 "First of all, I want to thank you for your service. I know that y'all have been working. I do need to, of course, remind you that you will need to reach a verdict in this case. Because this case will have to be decided, and y'all have heard the evidence in the case, and you are better situated than anybody else in the world right now to make a decision in this case under your oath.
 "[The trial judge then instructed the jury on the elements of the offenses] . . .
 "And, again, I want to say this to you. There will never be a better jury better situated to decide this case than you folks. Each of you took an oath, not to me, not to the court system, but an oath that you would hear the issues and try it and render a fair verdict. So, I would ask you to remember your oath.
 "Also remember that trials are expensive. It costs money to put this case on. Some jury will have to do it, it won't go away. It will have to be handled.
 "I don't know how you are divided in your case, I don't know which way, or which way it's going. I don't need to know that, I don't want to know that, and don't let my bailiff know that.
 "But, I say to you, if there is — I assume that you are not evenly split. Assuming that there is a majority and a minority. If you are in the majority there, I'm not *Page 366 
asking you — I'm not asking the minority to let the majority impose their will upon you if you have a strong feeling about the case.
 "At the same time, if you are in the minority, consider that these other folks are as intelligent as you are, they've heard the same evidence in the case, and reconsider your position.
 "And if you are in the majority, reconsider your position. See if there's something that the other side is seeing that you don't see in the case, and be fair and reasonable with each other.
 "I'm not going to scold you, because I have too much respect for you. I know you're going to do your job in this case. And I do want to impress upon you the seriousness of what you're doing, and how important it is that you as this particular jury reach a verdict in the case."
R. 108, 111-12.
After the jury begin its deliberations, defense counsel made the following objection:
 "And we further object, I think you made a reference in here about this case won't go away, or something in essence, and I don't think that is exactly right. But, but, depending on what the jury did in this case if there were a mistrial, then, this case might eventually be dismissed. And I just think that's a little bit misleading to tell them the case won't go away, when it may very well go away."
R. 113-14.
On appeal, the appellant objects because "the Trial [Judge implied] to the jury by his conduct that he 'expected' a verdict," and that the trial court "coerc[ed]" the jury. Appellant's brief at 11-12. Those objections were never advanced in the trial court and are not preserved for review.
Even had the issue been preserved, however, we find no error in comments of the trial judge urging the jury to reach a verdict.
 "As this court stated in McMorris v. State, 394 So.2d 392 (Ala.Cr.App. 1980), writ denied, 394 So.2d 404 (Ala 1981), cert. denied, 452 U.S. 972, 101 S.Ct. 3127, 69 L.Ed.2d 983 (1981), 'The general rule in Alabama has been that it is not improper for the trial court to urge upon the jury the duty of attempting to reach an agreement or verdict as long as the judge does not suggest which way the verdict should be returned.' 394 So.2d at 403. An 'Allen Charge' or 'Dynamite Charge' is permissible if it is not coercive. See Franklin v. State, 502 So.2d 821 (Ala.Cr.App. 1986), writ quashed, 502 So.2d 828 (Ala. 1987). The trial court may also make reference to the expense of a new trial. See Wiggins v. State, 429 So.2d 666 (Ala.Cr.App. 1983)."
King v. State, 574 So.2d 921, 927-28 (Ala.Cr.App. 1990). Whether an "Allen charge" is coercive must be evaluated in the "whole context" of the case. Ex parte Morris, 465 So.2d 1180,1183 (Ala. 1985). In this case, the trial judge did not set any deadline for reaching a verdict. See Adair v. State,641 So.2d 309 (Ala.Cr.App. 1993); McGilberry v. State, 516 So.2d 907, 910
(Ala.Cr.App. 1987). "Under Alabama law, 'a trial judge may urge a jury to resume deliberations and cultivate a spirit of harmony so as to reach a verdict, as long as the court does not suggest which way the verdict should be returned and no duress or coercion is used.' Showers v. State, 407 So.2d 169, 171
(Ala. 1981)." Ex parte Giles, 554 So.2d 1089, 1093 (Ala. 1987). "The Supreme Court and this court have held on numerous occasions that the 'Allen' or 'dynamite' charge is not error unless the language used is threatening or coercive." Graysonv. State, 611 So.2d 422, 425 (Ala.Cr.App. 1992), and cases cited therein.
After an examination of the challenged instruction, we find that the trial court's charge was neither threatening nor coercive. The appellant's argument is without merit.
 IV
The appellant argues that the trial court erred in recharging the jury without first consulting counsel. This issue was not presented to the trial court. In objecting to the court's supplemental instructions, counsel's only comment was:
 "Your Honor, the defendant objects to your recharging just a portion of your charge to the jury. I mean, I know you didn't ask us what you were going to do, but we didn't have any chance to object before you started your charge to make *Page 367 
any sort of motion, but we would prefer that the entire charge be given again, and not just a portion of it. We feel like it's just not fair just to pick a part of it and just give them that." R. 113.
This objection was to the substance of the supplemental instructions and not to the fact that the trial court did not consult with counsel before giving those supplemental instructions.
We note that "[a]fter the jurors have retired to consider their verdict," Rule 22.2, A.R.Crim.P., allows the trial court to grant the jury's request to be given "appropriate additional instructions . . . only after notice to the parties." Although the trial court did not give such notice to the parties, defense counsel did have the opportunity to make objection after the supplemental instructions had been given.
 V
The evidence is sufficient to support the jury's verdict of guilty of kidnapping in the first degree. The indictment charged that the appellant "did abduct T.L.K., with the intent to inflict physical injury upon her, or to violate or abuse her sexually, or, in the alternative, to terrorize her by threatening to kill her, in violation of Title 13A, § 13A-6-43,Code of Alabama 1975." C.R. 4.
The State presented evidence that the appellant, armed with and threatening to use a pistol, physically forced T.L.K., his girlfriend, into her automobile, and forced her to drive to the Gadsden Airport Motel. T.L.K. testified that the appellant, whom she identified as her "ex-boyfriend" (R. 10), told her that "he was going to make love to me, and then, he was gonna kill me and kill himself." R. 15. The victim escaped when the appellant left her in the automobile while he went inside the motel to arrange for a room.
The appellant argues that the guilty verdict is contrary to the weight of the evidence.
 "The weight of the evidence is clearly a different matter from the sufficiency of the evidence. The sufficiency of the evidence concerns the question of whether, 'viewing the evidence in the light most favorable to the prosecution, [a] rational fact finder could have found the defendant guilty beyond a reasonable doubt.' Tibbs v. Florida, 457 U.S. 31, 37, 102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982). Accord, Prantl v. State, 462 So.2d 781, 784 (Ala.Cr.App. 1984). . . .
 "In contrast, '[t]he "weight of the evidence" refers to "a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other." ' Tibbs v. Florida, 457 U.S. at 37-38, 102 S.Ct. at 2216 (emphasis added [in Johnson]). We have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial. E.g., Franklin v. State, 405 So.2d 963, 964
(Ala.Cr.App.), cert. denied, 405 So.2d 966 (Ala. 1981); Crumpton v. State, 402 So.2d 1081, 1085
(Ala.Cr.App.), cert. denied, 402 So.2d 1088 (Ala. 1981); Nobis v. State, 401 So.2d 191, 198
(Ala.Cr.App.), cert. denied, 401 So.2d 204 (Ala. 1981). ' "[T]he credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine." ' Harris v. State, 513 So.2d 79, 81 (Ala.Cr.App. 1987) (quoting Byrd v. State, 24 Ala. App. 451, 136 So. 431 (1931))."
Johnson v. State, 555 So.2d 818, 819-20 (Ala.Cr.App. 1989).
 "These contentions are jury arguments. 'This court is not a trier of fact. The jury has already made [those] determinations and weighed the credibility of the witnesses.' Mosley v. State, 461 So.2d 34, 36 (Ala.Cr.App. 1984). . . .
 " ' ". . . The weight of the evidence, the credibility of the witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury alone. Willcutt v. State, 284 Ala. 547, 226 So.2d 328 (1969)." Walker v. State, 416 So.2d 1083, 1089 (Ala.Cr.App. 1982). "It was within the province of the jury to give the evidence in the case whatever weight and emphasis they thought proper in reaching their verdict." Linson v. State, 394 So.2d 85, 92 (Ala.Cr.App. 1981). "Where, as in this case, there is conflicting evidence presented by the prosecution and the defense, it is for the jury to *Page 368 
resolve the conflict and determine the defendant's guilt or innocence. . . . In making its determination, the jury may believe or disbelieve all or any part of the testimony presented by either side." Terry v. State, 424 So.2d 652, 655 (Ala.Cr.App. 1982).
 " ' "Conflicting evidence always presents a question for the jury unless the evidence fails to establish a prima facie case. Starling v. State, 398 So.2d 337 (Ala.Cr.App.), cert. denied, Ex parte Starling, 398 So.2d 342 (Ala. 1981)." Gardner v. State, 440 So.2d 1136, 1137
(Ala.Cr.App. 1983). By the victims['] testimony, the State established a prima facie case of [attempted murder]. . . .
 " ' "This Court will not interfere when the evidence is conflicting if there was material evidence tending to support the jury's verdict. '(T)he verdict settles any conflict in the evidence' and this Court will not invade the province of the jury. 24A C.J.S. Criminal Law § 1881 (1962)." Simmons v. State, 428 So.2d 218, 219 (Ala.Cr.App. 1983). "Where there is evidence from which the jury may by fair inference find the defendant guilty, the trial court should submit the case to the jury to determine the weight it will give the evidence, and this Court should not disturb the verdict." Giles v. State, 440 So.2d 1237, 1239 (Ala.Cr.App. 1983). "Conflicting evidence is for the jury and a verdict rendered thereon will not be disturbed on appeal." Crowell v. State, 389 So.2d 545, 548
(Ala.Cr.App. 1980).' Mosley, 461 So.2d at 36."
Reese v. State, 549 So.2d 148, 154-55 (Ala.Cr.App. 1989), overruled on other grounds, Huntley v. State, 627 So.2d 1013
(Ala. 1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.